United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40968
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL BARRIGAS-VALDOVINOS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-200-1
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Miguel Barrigas-Valdovinos ("Barrigas") appeals his sentence following his conviction for illegal reentry after deportation. See 8 U.S.C. § 1326(a) and (b). Prior to his deportation, Barrigas had been convicted of a felony drug trafficking offense for which he was sentenced to 180 days of custody, suspended for three years of probation. Because this prior sentence was suspended, Barrigas contends that the district court plainly erred by increasing his offense level for the instant offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by 12 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B).  See also U.S.S.G. § 2L1.2, comment. (n.1(A)(iv)) (defining "sentence imposed").  Given the lack of controlling authority in this circuit on this issue, any error on the part of the district court was not "clear or obvious" and could not have been plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), abrogated in part, Johnson v. United States, 520 U.S. 461 (1997).

Barrigas also contends that the sentence-enhancing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Barrigas acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he asserts that the decision has been cast into doubt by Apprendi.  He seeks to preserve his argument for further review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.